IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 28 2006
Michael N. Milby, Clerk of Court

| | |
|---|---|
| KEITH JOSEPH § | |
| § | |
| VS. § | C.A. NO. _____ |
| § | |
| RDL ENERGY SERVICES, LP, § | |
| HORIZON OFFSHORE § | |
| CONTRACTORS, INC., HORIZON § | |
| OFFSHORE, INC., SEAFARER BOAT § | |
| CORPORATION AND WEATHERFORD § | |
| SERVICES, INC. § | RULE 9(h) ADMIRALTY |

COMES NOW, KEITH JOSEPH, hereinafter referred to as Plaintiff, complaining of RDL ENERGY SERVICES, LP, HORIZON OFFSHORE CONTRACTORS, INC., HORIZON OFFSHORE, INC., SEAFARER BOAT CORPORATION, and WEATHERFORD SERVICES, INC., hereinafter referred to as Defendants, respectfully showing under this Honorable Court as follows:

1. This is an action within the Maritime and Admiralty Jurisdiction of this Court, and before there exists an amount in controversy in excess of $75,000.00.

2. This claim is maintained under the Jones Act and General Maritime law of the United States and under 46 U.S.C.A. 1349, 33 U.S.C.A. 901, and 33 U.S.C.A. 905(b).

3. The Plaintiff, KEITH JOSEPH, is a resident of the Southern District of Texas, and one or more of the Defendants are residents of the State of Texas and doing business within the Southern District of Texas.

4. The Defendant RDL ENERGY SERVICES, LP is a business entity doing business in the State of Texas, which has not designated an agent for service in the State of Texas. Therefore, under appropriate provisions of law, Defendant RDL ENERGY

SERVICES, LP may be served by and through the Secretary of State of Texas. Defendant's registered agent in the State of Louisiana is CT Corporation System, 855 United Plaza Blvd., Baton Rouge, Louisiana 70809.

5. The Defendant HORIZON OFFSHORE CONTRACTORS, INC. is a business entity doing business in the State of Texas, which has not designated an agent for service in the State of Texas. Therefore, under appropriate provisions of law, Defendant HORIZON OFFSHORE CONTRACTORS, INC. may be served by and through the Secretary of State of Texas. Defendant's registered agent in the State of Louisiana is William B. Masters, 8555 United Plaza Blvd., Baton Rouge, Louisiana 70809.

6. The Defendant HORIZON OFFSHORE, INC. is a business entity doing business in the State of Texas. Defendant HORIZON OFFSHORE, INC. may be served under appropriate provisions of law, may be served by and through its registered agent, Howard D. Lloyd III, 9821 Katy Freeway, Ste. 450, Houston, Texas 77024.

7. The Defendant SEAFARER BOAT CORPORATION is owner of the vessel "MAGIC TIDE", but does business within the State of Texas, which has not designated an agent for service in the State of Texas. Thus, Defendant SEAFARER BOAT CORPORATION may be served under appropriate provisions of law, may be served by and through the Secretary of State of Texas. The Defendant SEAFARER BOAT CORPORATION'S registered agent's address is CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

8. The Defendant WEATHERFORD SERVICES, INC. is a business entity doing business in the State of Texas. Defendant WEATHERFORD SERVICES, INC.'s

may be served under appropriate provisions of law, by and through its registered agent, H. Suzanne Thomas, 1360 Post Oak Blvd., Ste. 1000, Houston, Texas 77056.

9. The Plaintiff is an American citizen, and an American seaman, and brings this action pursuant to the terms of §1916, Title 28, U.S.C.A. without the prepayment of costs, or the necessity of depositing a security therefore.

10. The Plaintiff would show that he sustained a serious and disabling injury, on or about October 23, 2006. At the time and on the occasion in question, Plaintiff was employed directly by the Defendant, RDL ENERGY SERVICES, LP which was under contract to the Defendant, WEATHERFORD SERVICES, INC. to do work under the control and direction under the Defendant HORIZON OFFSHORE, INC. and/or HORIZON OFFSHORE, INC. Defendants HORIZON OFFSHORE, INC. and/or HORIZON OFFSHORE, INC. owned and operated the vessel "TEXAS HORIZON"; employed the crane operator and the supervisory personnel involved in the occurrence in question and controlled and directed the work of the Plaintiff.

11. The Plaintiff was working in the Gulf of Mexico doing work in the service of the vessel, "TEXAS HORIZON", working on a pipeline owned by the Defendant WEATHERFORD SERVICES, INC. On the day in question, the Plaintiff and his crew had been dispatched to a platform owned by Pemex in the Gulf of Mexico. Early in the afternoon, the Plaintiff received a call from one of the supervisory persons employed by one or more of the Defendants, and told that because of high seas that they should shut down their work early and be prepared to be picked up to return to the "TEXAS HORIZON", the vessel aboard which the Plaintiff and others lived. For some reason, not understood by Plaintiff, the crew boat owned and operated by the Defendant

3

SEAFARERS BOAT CORPORATION did not come for several hours. By the time SEAFARERS BOAT CORPORATION's boat the "MAGIC TIDE" arrived, and by the time the crew, including the Plaintiff arrived back at the vessel, "TEXAS HORIZON", as predicted, the seas had become dangerously rough, and the transfer from the vessel, "MAGIC TIDE" to the vessel "TEXAS HORIZON" made it extremely dangerous. The crane operator aboard the "TEXAS HORIZON" refused at first to make the transfer of the Plaintiff and his co-workers because the "MAGIC TIDE" was not safely positioned, and because the seas were extremely rough. By this time, darkness had already consumed the work operation, when an employee of HORIZON took the initiative to take over the crane, and to go forward with moving the Plaintiff and his crew despite the unsafe conditions. As he attempted to do so, the Plaintiff and his crew, being in a "basket" which was being raised by the crane from the deck of the "TEXAS HORIZON", and as they were lifted off of the deck of the improperly positioned "MAGIC TIDE", the basket begin swinging rapidly throwing the Plaintiff and others in a twist causing the Plaintiff's body to twist and be struck by hard surfaces. During this chaos, one of Plaintiff's co-workers was thrown overboard, and was caused to be killed. The Plaintiff was injured from the serious jerking and twisting position of his body caused by the swinging of the basket, and the striking of the basket against hard services. Sustaining the serious and disabling injuries made the basis of this suit.

12.     The Plaintiff alleges that on the occasion in question the Defendants were jointly and severally liable for each of the following, among other reasons, acting through their officers, agents, servants, and/or employees, including borrowed servants and/or

employees were negligent in ways that contributed to cause the injuries sustained by the Plaintiff in whole or in part.

13. The Plaintiff alleges that the vessels involved in the occurrence made the basis of this suit were rendered unseaworthy at the time and on the occasion in question, and that such unseaworthy conditions were a legal cause of Plaintiff's injuries.

14. The Plaintiff alleges that HORIZON was grossly negligent and subject to punitive damages, which the Plaintiff herenow claims.

15. The Plaintiff had a relationship and knew the deceased co-worker, a Mexican National, and was severely traumatized by seeing his death.

16. As a result of the occurrence, the Plaintiff has sustained severe injuries to his body, resulting in physical pain, mental anguish, and other medical problems. The Plaintiff has sustained severe mental anguish as a result of having seen his friend killed. Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, and mental anguish to date and that in all reasonable medical probability will continue into the future. He has suffered a loss of earnings in the past, as well as a loss of earning capacity in the future. He has incurred and will incur pharmaceutical and medical expenses in connection with such injuries. Thus, the Plaintiff has been damaged in a sum far greater than the minimal jurisdictional requirements of this Court.

17. Plaintiff further alleges that it was and still is, the duty of said Defendants/Employers, to furnish him with maintenance and cure and loss of wages. In addition, Plaintiff makes a claim for any past, present, or future maintenance and cure in which Plaintiff is or may become entitled in the future. If the Defendants fail to maintenance and cure, Plaintiffs seeks recovery for damages and expenses incurred,

including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, KEITH JOSEPH, prays that this citation issue and be served upon said Defendants, RDL ENERGY SERVICES, LP, HORIZON OFFSHORE CONTRACTORS, INC., HORIZON OFFSHORE, INC., SEAFARER BOAT CORPORATION, and WEATHERFORD SERVICES, INC., in a form and manner prescribed by law, requiring that the Defendants appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE,
SHAFFER, & HARRIS, L.L.P.

*(signature)*

ARTHUR L. SCHECHTER
TBA # 17735000
FED I.D. #: 1454
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL:   (713) 524-3500
FAX:   (713) 751-0412
ATTORNEYS FOR PLAINTIFF,
KEITH JOSEPH

◆JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEITH JOSEPH

### DEFENDANTS
RDL ENERGY SERVICES, LP, et. al.

(b) County of Residence of First Listed Plaintiff: **Harris County, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Harris County, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*Stamp: United States Southern District of Texas FILED NOV 28 2006 Michael N. Milby, Clerk*

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arthur L. Schechter, McElwee, Shaffer & Harris, L.L.P.
3200 Travis, 3rd Fl, Houston, TX 77006, (713) 524-3500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability — **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations — **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
Section 33, Title 901 & 905(B), USCA, The General Maritime Law Section 688, Title 46, USC, The Jones Act

Brief description of cause:
An American Seaman alleging personal injuries as a result of unseaworthiness

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE: 11/27/2006

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____