IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEITH JOSEPH | § | |
| | § | |
| VS. | § | C.A. NO. G-06-749 |
| | § | |
| RDL ENERGY SERVICES, LP, HORIZON OFFSHORE CONTRACTORS, INC., HORIZON OFFSHORE, INC., SEAFARER BOAT CORPORATION AND WEATHERFORD SERVICES, INC. | § § § § § § | |

**ANSWER OF DEFENDANT RDL ENERGY SERVICES, LP
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION:**

**NOW INTO COURT**, through undersigned counsel, comes defendant, RDL Energy Services, LP, and for Answer to Plaintiff's First Amended Complaint, avers as follows:

**FIRST DEFENSE**

Pursuant to Rule 12(h)(i) and (ii) of the Federal Rules of Civil Procedure, RDL Energy Services, LP, files this Answer subject to and in preservation of all defenses available to it under Rule 12(b) of the Federal Rules of Civil Procedure including, but not limited to:

1. Lack of jurisdiction over the defendant;

2. Improper venue;

3. Insufficiency of process;

4. Insufficiency of Service of Process; and

5. Failure to state a claim or right upon which relief can be granted.

## SECOND DEFENSE

RDL Energy Services, LP files this, its Answer, subject to and in preservation of its rights to obtain a transfer of venue pursuant to 28 U.S.C. § 1404(a), and pursuant to any applicable forum selection clause.

## THIRD DEFENSE

The First Amended Complaint, and certain of the claims and allegations contained therein, fail to state a claim against defendant upon which relief can be granted.

## FOURTH DEFENSE

And now, in response to the specific response to the specific allegation contained in plaintiff's First Amended Complaint, Defendant RDL Energy Services, LP avers as follows:

1.

The allegations in Paragraph 1 of Plaintiff's First Amended Complaint contain conclusions of law which require no answer. However, insofar as an answer may be deemed required, they are denied.

2.

The allegations in Paragraph 2 of Plaintiff's First Amended Complaint contain conclusions of law which require no answer. However, insofar as an answer may be deemed required, they are denied.

3.

The allegations in Paragraph 3 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to form a belief in the truth thereof.

4.

It is denied that RDL Energy Services, LP has sufficient contacts with the State of Texas to constitute doing business in said state. Defendant, subject to various defenses, has appeared and answered the Original Complaint of the Plaintiff and incorporates all defenses in its Original Answer as if set forth herein *in extenso*.

5.

The allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

6.

The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

7.

The allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

8.

The allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to form a belief in the truth thereof.

9.

The allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to form a belief in the truth thereof.

10.

The allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to form a belief in the truth thereof.

11.

It is admitted that Plaintiff was employed by Defendant RDL Energy Services, LP on or about October 23, 2006. It is specifically denied that Plaintiff sustained a serious and disabling injury on or about that date as alleged. The remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to form a belief in the truth thereof.

12.

In response to Paragraph 12 of Plaintiff's First Amended Complaint, Defendant specifically denies any allegations or contentions that it is in any way responsible for or in any way contributed to the alleged incident to the Plaintiff which is specifically denied. It is admitted that the Plaintiff was sent to work on an offshore fixed platform on or about October 23, 2006. Any remaining allegations contained in Paragraph 12 whether factual or legal are denied for lack of sufficient information to form a belief in the truth thereof. It is further specifically denied that Plaintiff sustained serious and disabling injuries as alleged.

13.

The allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint are denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint are denied.

16.

The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint are denied.

21.

Plaintiff's Prayer for Relief to the extent deemed necessary is denied.

**FIFTH DEFENSE**

Without waiving the foregoing and for further answer if same be necessary, Defendant says that if the Plaintiff is found not to be a citizen or permanent resident alien of the United States at the time of the incident giving rise to this action, then 46 U.S.C. § 688(b) is applicable and bars Plaintiff from suing under the Jones Act or other United States maritime law as he has a remedy available in the appropriate foreign jurisdiction. The alleged incident in suit occurred outside the territorial waters of the United States or its territories and possessions. At the time of the alleged incident, the Plaintiff was engaged in exploration, development, or production of offshore mineral or energy resources as interpreted under 46 U.S.C. § 688(b).

**SIXTH DEFENSE**

Without waiving the foregoing and for further answer if same be necessary, Defendant says that the Plaintiffs damages, which are denied, were caused by his own comparative negligence, in whole or in part.

**SEVENTH DEFENSE**

Without waiving the foregoing and for further answer if same be necessary, Defendant says that the Plaintiffs damages, which are denied, arose as a result of pre-existing and/or subsequently developing physical and/or mental conditions which were neither caused nor aggravated by any act or omission of this Defendant and/or the unseaworthiness or other legal fault of any vessels owned, operated, chartered or' controlled by it.

## EIGHTH DEFENSE

Without waiving the foregoing and for further answer if same be necessary, Defendant says that the Plaintiffs damages, which are denied, were proximately caused by the negligent acts and/or omissions of third parties over whom this Defendant had no control and for whom this Defendant had no responsibility.

## NINTH DEFENSE

Without waiving the foregoing and for further answer if same be necessary, Defendant says that Plaintiff has failed to mitigate and/or properly mitigate his damages, if any, herein.

## TENTH DEFENSE

Without waiving the foregoing and for further answer if same be necessary, Defendant says that Plaintiffs co-worker did not meet his demise in the presence of the Plaintiff as alleged. Accordingly, Plaintiff is not entitled to recover any form of damages herein from this Defendant as a result of the co-worker's demise.

## ELEVENTH DEFENSE

Without waiving the foregoing and for further answer if same be necessary, Defendant says that, as a matter of law, Plaintiff is not entitled to recovery of punitive damages under maritime law.

## TWELFTH DEFENSE

Without waiving the foregoing and for further answer if same be necessary, Defendant says that Plaintiff is not entitled to recover damages for mental anguish or otherwise in connection with the injury to and/or death of a third party referenced in the

First Amended Complaint. The facts/circumstances of this incident do not give rise to a justifiable cause of action in this regard.

### THIRTEENTH DEFENSE

This Defendant maintains no right or control over the activities that allegedly resulted in plaintiff's injuries and therefore cannot be found responsible.

### FOURTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of an unavoidable accident.

### FIFTEENTH DEFENSE

Plaintiff's injuries, if any, were the result of obvious and/or open hazards.

### SIXTEENTH DEFENSE

Defendant adopts and includes as if set forth herein *in extenso* all defenses whether affirmative and/or general set forth in its Answer to Plaintiff's Original Complaint.

**WHEREFORE**, the premises considered Defendant RDL Energy Services, LP pray that Plaintiff's Original and First Amended and Supplemental Complaint be dismissed at his cost and that Defendant should have all other and further relief at law and in equity to which Defendant may be justly entitled.

                    */s/ Edward S. Johnson*
                EDWARD S. JOHNSON (#10710990)
                JOHNSON, JOHNSON, BARRIOS & YACOUBIAN
                701 Poydras St., Suite 4700
                New Orleans, Louisiana   70139-7708
                Telephone:  (504) 528-3001
                Fax: (504) 528-3030
                Attorneys for RDL Energy Services, LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing.  Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this _17_ day of May, 2007.

                    */s/ Edward S. Johnson*